IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. KENNEDY, Jr., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, et al., <br><br> Defendants. | Case No. 3:23-cv-00381-TAD |

**DEFENDANTS' CONSENTED MOTION TO STAY JUNE 9, 2023 RESPONSE DEADLINE**

Defendants respectfully move the Court to stay their upcoming deadline (Friday, June 9, 2023) to respond to Plaintiffs' Complaint, ECF No. 1, pending resolution of the Motion for Preliminary Injunction in the related case *Missouri, et al. v. Biden, et al.*, 3:22-cv-01213 (W.D. La.) (the "*Missouri* Action"), currently pending before this Court. Such a stay, which would mirror the current stay in the *Missouri* Action, will mitigate unnecessary duplication of work across cases that Plaintiffs describe as "raising the very same challenge" and involving "substantially identical" facts, *see Missouri* Action ECF No. 236-1 at 1, and allow the parties to coordinate parallel timelines to preserve party and judicial resources. The requested relief will not affect any other deadlines or proceedings in the case, including Defendants' June 20, 2023 deadline to respond to the preliminary injunction motion in this case.

Accordingly, as in the *Missouri* Action, the Court should stay Defendants' current response deadline in this action and order that, within fourteen (14) days of the Court's resolution of the *Missouri* Plaintiffs' Motion for Preliminary Injunction, the parties meet and confer regarding the response and file a joint status report that proposes a new deadline as necessary. Good cause

1

supports this request for a temporary stay, which will promote judicial efficiency and not prejudice the parties.

Defendants conferred with Plaintiffs, who consent to the relief requested in this motion.

## BACKGROUND

As the Court is familiar, in the *Missouri* Action, plaintiffs have sued 67 federal agencies and officials in their official capacities, primarily asserting a First Amendment claim regarding alleged censorship on social media platforms. *Missouri* Action ECF Nos. 1, 45, 84, 268. In that action (as is most pertinent to this motion), the Court has resolved defendants' motion to dismiss, permitted the *Missouri* plaintiffs to add class certification allegations regarding broad classes of social-media users, and received full briefing and held argument on plaintiffs' motion for preliminary injunction. *Missouri* Action ECF Nos. 224, 267, 214, 266, 276, 278. The Court also granted the *Missouri* defendants' motion to stay the answer deadline in that case "pending resolution of the Motion for Preliminary Injunction" and ordered the parties to file a "joint status report proposing deadlines for responding to the [operative] Complaint within fourteen (14) days of this Court's resolution of the Plaintiffs' Motion for Preliminary Injunction." *Id.*

On March 24, 2023, Plaintiffs filed the instant action, ECF No. 1, which they characterize as "raising the very same challenge" under the First Amendment, against "virtually identical" Defendants, and involving "substantially identical" facts, *Missouri* Action ECF No. 236-1 at 1. Plaintiffs thus moved to consolidate this action with the *Missouri* Action, which Defendants did not oppose. *Missouri* Action ECF Nos. 236, 238. Plaintiffs also filed their own motion for preliminary injunction on April 12, 2023, in which they emphasized the overlap with the *Missouri* Action. *See, e.g.*, ECF No. 6-1 at 2, 6. The Court deferred ruling on the consolidation motion "until a resolution has been rendered on the pending Motion for Preliminary Injunction" in the *Missouri*

Action, *Missouri* Action ECF No. 240 at 3, and ordered a response to the preliminary injunction motion in this case by June 20, 2023, ECF No. 12. In the meantime, the current deadline for Defendants to respond to the complaint is June 9, 2023. ECF No. 5.

## DISCUSSION

Courts possess "inherent power" to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962), which includes the power to extend deadlines "for good cause," Fed. R. Civ. P. 6(b)(1)(B). Here, good cause supports a temporary stay of the response deadline pending the Court's resolution of the *Missouri* Plaintiffs' pending motion for preliminary injunction. As explained below, the requested relief will avoid unnecessarily duplication of work across similar cases, enable coordination of parallel timelines, and promote judicial efficiency. It also will not prejudice Plaintiffs, who consent to the relief requested.

1. First, staying the response deadline would enable the parties in this action and the *Missouri* Action to coordinate parallel timelines for future stages of the cases, and thus allow for more orderly and efficient coordination between the two proceedings. For instance, Defendants' current responsive pleading deadline is June 9, 2023, whereas in the *Missouri* Action the parties have 14 days after the resolution of the preliminary injunction motion in that case to confer over the answer and propose new deadlines. Given the substantial overlap between the allegations and defendants in the two cases (and the substantial volume of each pleading), entering the same stay here as is presently in place in the *Missouri* Action would ensure that the parties can confer to ensure any answers necessary are filed on the same timeframe, avoiding unnecessary duplication of efforts.

Additionally, coordinating parallel timelines across the two cases will enhance efficiency of future discovery, particularly given Plaintiffs' description of the cases as virtually identical. *See Missouri* Action ECF No. 236-1 at 1 ("*Missouri v. Biden*[] is a case currently pending in this Court raising the very same challenge. The Defendants are virtually identical. The facts are substantially identical. The only difference is the identity of the Plaintiffs …."). Courts in the Fifth Circuit routinely recognize the benefits of coordinating discovery across similar actions. *See In re Norplant Contraceptive Prod. Liab. Litig.*, No. MDL 1038, 1996 WL 264729, at *1 (E.D. Tex. May 17, 1996) (ordering coordinated pretrial proceedings to "avoid duplication of discovery[] and conserve the resources of all parties"); *In re Taxable Mun. Bonds Litig.*, No. CIV. A. MDL 863, 1993 WL 133826, at *2 (E.D. La. Apr. 15, 1993) (ordering the coordination of discovery across initial actions and "'tag-along' actions" to "most effectively preserve[] the resources of both the litigants and the judicial system"); *Chapoton v. State Farm Fire & Cas. Co.*, No. CIVA106CV471LTSRHW, 2007 WL 1206744, at *2 (S.D. Miss. Apr. 24, 2007) (recognizing that "[c]oordinated discovery may be one way to advance a speedier disposition of cases").

2.  A temporary stay of Defendants' response deadline will not prejudice Plaintiffs, who consent to the relief requested. Rather, the requested relief would permit both parties to focus their efforts on briefing Plaintiffs' preliminary injunction motion, and would further provide both parties the opportunity to meet and confer over the response and future timelines. Moreover, a temporary stay would not deprive Plaintiffs of the benefits that an answer is intended to confer— a presentation of likely defenses and objections. *See* Wright & Miller, § 1342 Purpose of Rule 12, 5B Fed. Prac. & Proc. Civ. § 1342 (3d ed.). Given the significant overlap between this action and the *Missouri* Action, Plaintiffs already are aware of Defendants' defenses and objections relating to the preliminary-injunction motion in the *Missouri* Action, the facts of which Plaintiffs here

adopt in full. *See* ECF No. 6-1 at 2 ("In the interest of judicial economy and of avoiding any delay, Plaintiffs here neither seek new discovery nor submit new evidence of the Government's censorship campaign. Instead, this Motion is based on facts already before the Court in *Missouri v. Biden* ….").

\*   \*   \*

In short, there is good cause for entering the same temporary stay of the response deadline in this action that is presently in place in the *Missouri* Action. Defendants respectfully request that the Court: (i) stay Defendants' response deadline pending resolution of the motion for preliminary injunction pending in *Missouri, et al. v. Biden, et al.*, 3:22-cv-01213, ECF No. 233 (W.D. La.); and (ii) order the parties to meet and confer thereafter and submit a joint status report within 14 days regarding the response. A proposed order is attached.

Dated: June 5, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

*/s/ Alexander W. Resar*
ALEXANDER W. RESAR (N.Y. Bar No. 5636337)
CATHERINE M. YANG (N.Y. Bar No. 5319736)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 616-8188
alexander.w.resar@usdoj.gov

*Attorneys for Defendants*

5