IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. KENNEDY, JR., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.,* <br><br> *Defendants*. | Civil Action No. 3:23-cv-381 <br><br> Judge Terry A. Doughty <br><br> Mag. Judge Kayla D. McClusky |

**DEFENDANTS' STATUS REPORT PURSUANT TO JUNE 5, 2023 ORDER**

On June 5, 2023, the Court stayed Defendants' deadline to respond to the Complaint pending resolution of the motion for preliminary injunction in *Missouri v. Biden*, 3:22-cv-01213 (W.D. La.). ECF No. 16. The Court directed the parties to "file a joint status report regarding the response to the Complaint within fourteen (14) days of this Court's resolution of" the preliminary injunction motion in *Missouri*. *Id.* The Court ruled on that motion and issued a preliminary injunction on July 4, 2023. *Missouri*, ECF No. 294. Defendants appealed the preliminary injunction decision, and the Fifth Circuit has set an expedited appeal schedule with briefing to conclude by August 8, 2023, and oral argument to be held on August 10. *Missouri v. Biden*, No. 23-30445, ECF No. 37 (5th Cir.).

Pursuant to the Court's June 5, 2023 order, the parties, through counsel, conferred but were unable to confirm final agreement, and as of the time of this filing, Plaintiffs' counsel has not responded to undersigned counsel's last communications regarding a joint status report. Accordingly, Defendants respectfully submit this status report on their own behalf to present their proposal regarding the response to the Complaint.

1

A. <u>**The Court Should Continue to Stay the Answer Deadline Pending Resolution of Appellate Proceedings on the Preliminary Injunction in *Missouri*.**</u>

As Plaintiffs have repeatedly stated, the instant action involves allegations that "are substantially identical" to those in *Missouri*, "rais[es] the very same challenge" as in *Missouri*, and sues Defendants "every one of [which] . . . is also a Defendant in *Missouri*." *Missouri*, ECF No. 236-1 at 1, 3; *see also, e.g.*, ECF No. 1 (Plaintiff's Complaint asserting that "[m]any of the factual details alleged in [the *Missouri*] complaint are realleged below"). In large part due to the similarity in the cases, the Court previously stayed Defendants' answer deadline pending resolution of the *Missouri* plaintiffs' motion for preliminary injunction. ECF No. 16. That stay avoided inefficient expenditures of party resources during the pendency of a motion poised to alter the future course of litigation in *Missouri* (and, by extension, this "substantially identical" action).

Principles of judicial economy weigh strongly in favor of extending the stay of the time to answer Plaintiffs' complaint, pending final resolution of the preliminary injunction appeal in *Missouri*, which is proceeding on an expedited basis. The outcome of the expedited appeal, which raises serious arguments regarding standing and likely success on the merits, could drastically change the nature and scope of the litigation in this Court. An appellate court may conclude that some or all of the *Missouri* plaintiffs lack standing, which would further underscore Defendants' arguments that Plaintiffs here lack standing. Or an appellate court may conclude that one or more of the *Missouri* plaintiffs are unlikely to sustain their claim on the merits, directly affecting the claim here, which these Plaintiffs describe as "the very same." *Missouri*, ECF No. 236-1 at 1. In either case, any effort expended by Defendants to answer some or all of the allegations would be rendered moot.

The Court should not require Defendants to answer the lengthy Complaint before the conclusion of the expedited appellate proceedings. Given the pace of the Fifth Circuit

2

proceedings—with briefing to be completed by August 8 and oral argument set for August 10—staying the answer until after the appeal concludes is unlikely to cause any significant delay in the district court litigation. But it would ensure greater efficiency and preservation of government resources by avoiding requiring Defendants to answer allegations that may be mooted by an appellate court's ruling. Thus, the Court should extend the stay of the answer deadline pending resolution of all appellate proceedings on the motion for preliminary injunction in *Missouri* (including any proceedings in the Supreme Court). The Court can address whether an answer is warranted after the conclusion of appellate proceedings. Defendants requested Plaintiffs' position on this relief, but as of the time of this filing have not received a response.

**B. In the Alternative, the Court Should Waive the Requirement to Answer the Complaint.**

In the alternative, in recognition of the significant factual development that has already occurred in connection with the allegations in *Missouri* (which Plaintiffs here have described as "substantially identical" to those they advance), the Court should waive Defendants' requirement to file an answer to the Complaint. In connection with the preliminary injunction motion briefing in *Missouri*, Defendants provided detailed responses to the *Missouri* plaintiffs' 1,442 proposed findings of fact and set forth Defendants' own proposed findings of fact, which elaborate at length the factual disputes at issue. And Plaintiffs in this action moved for their own preliminary injunction based entirely on the "facts already before the Court in *Missouri*." ECF No. 6-1 at 2; *see also* ECF No. 20 at 1 ("Plaintiffs rely on the voluminous evidence submitted in *Missouri*."). Thus, an answer here would not serve its primary purpose of "inform[ing] the opposing party and the court of the nature of the . . . defenses being asserted by the pleader." 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1182 (4th ed. 2023). That purpose has been fully met through the extensive factual development and presentation that have already taken place in

3

response to the allegations and claims at issue, and requiring Defendants to expend yet more resources to prepare a lengthy and cumbersome answer would not meaningfully advance the course of the litigation. Nor is this a circumstance where an answer would provide notice of Defendants' affirmative defenses, as Defendants are not asserting any of the defenses required to be specifically pled under Federal Rule of Civil Procedure 8(c)(1). Under these circumstances, requiring Defendants to answer the Complaint—which spans 120 pages and comprises 470 paragraphs of allegations—would impose a significant burden on Defendants for no apparent litigation purpose.

Plaintiffs' counsel represented to undersigned counsel on July 16, 2023, that he was "[n]ot adverse to waiving the answer" but suggested instead an extension of time for the answer, "leaving possibility of future waiver open." In Defendants' view, however, and as explained to Plaintiffs' counsel, judicial economy and efficiency are better served by waiver of the answer requirement, rather than by continued revisitation of the issue into the future, requiring repeated and avoidable involvement of the Court. This is particularly so considering that Plaintiffs did not articulate any reason for requiring the filing of an answer. Accordingly, the Court should waive the requirement of filing an answer to the Complaint.

Dated:  July 18, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA GARDNER
Special Counsel, Federal Programs Branch

*/s/ Catherine M. Yang*
ALEXANDER W. RESAR (N.Y. Bar No. 5636337)
CATHERINE M. YANG (N.Y. Bar No. 5319736)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch

4

          1100 L Street, NW
          Washington D.C. 20005
          Tel: (202) 514-4336
          Catherine.m.yang@usdoj.gov

*Attorneys for Defendants*