# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. KENNEDY, JR., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.,* <br><br> *Defendants*. | Civil Action No. 3:23-cv-381 <br><br> Judge Terry A. Doughty <br><br> Mag. Judge Kayla D. McClusky |

**DEFENDANTS' RESPONSE TO THE COURT'S DECEMBER 13, 2023 ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 3

    A.    The Now-Consolidated *Kennedy* Follow-On Action............................................... 3

    B.    The *Missouri* Preliminary Injunction ..................................................................... 4

ARGUMENT ......................................................................................................................... 5

    I.    Although The Consolidation Of Cases Does Not Deprive The Court Of Jurisdiction, The Court Should Not Issue An Injunction That Contravenes The Supreme Court's Stay Of The *Missouri* Injunction. ......................................... 5

    II.    The Supreme Court's Grant Of Certiorari In *Missouri* Only Strengthens The Prudential Considerations That Led This Court To Defer Resolution Of The *Kennedy* Plaintiffs' Motion For A Preliminary Injunction......................... 8

CONCLUSION .................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*California v. Trump*,
  407 F. Supp. 3d 869 (N.D. Cal. 2019), *aff'd sub nom. Sierra Club v. Trump*, 977 F.3d 853 (9th Cir. 2020), *cert. granted, judgment vacated sub nom. Biden v. Sierra Club*, 142 S. Ct. 56 (2021) ................................................................................................................................. 7, 8

*Garland v. Blackhawk Mfg. Grp., Inc.*,
  No. 23A302, 2023 WL 6801523 (U.S. Oct. 16, 2023) ............................................................. 7

*Garland v. VanDerStok*,
  No. 23A82, 2023 WL 5023383 (U.S. Aug. 8, 2023) ................................................................ 7

*Hall v. Hall*,
  138 S. Ct. 1118 (2018) .............................................................................................................. 5

*Kennedy, Jr. v. Google LLC*,
  No. 3:23-cv-03880 (N.D. Cal. Nov. 7, 2023), *appeal pending*, No. 23-3411 (9th Cir. appeal docketed Nov. 9, 2023) ............................................................................................................ 11

*League of United Latin Am. Citizens v. Abbott*,
  951 F.3d 311 (5th Cir. 2020) .................................................................................................... 7

*Missouri v. Biden*,
  83 F.4th 350 (5th Cir. 2023) .................................................................................................. 1, 4

*Murphy v. Collier*,
  942 F.3d 704 (5th Cir. 2019) .................................................................................................... 6

*Murthy v. Missouri*,
  No. 23-411, 601 U.S. ----, 2023 WL 6935337 (Oct. 20, 2023) .............................................. 1, 4

*Murthy v. Missouri*,
  No. 23-411, 601 U.S. ----, 2023 WL 8531845 (Dec. 11, 2023) ....................................... 5, 9, 10

*Nken v. Holder*,
  556 U.S. 418 (2009) .................................................................................................................. 6

*Polymer80, Inc. v. Garland*,
  No. 23-10527 (5th Cir. Nov. 30, 2023) ................................................................................. 7, 8

*Ross v. California*,
  139 S. Ct. 2778 (2019) ............................................................................................................ 11

*VanDerStok v. BlackHawk Mfg. Grp. Inc.*,
  No. 4:22-CV-00691-O, 2023 WL 5978332 (N.D. Tex. Sept. 14, 2023)*,*
  *vacated sub nom. Garland v. Blackhawk Mfg. Grp., In*c.,
  No. 23A302, 2023 WL 6801523 (U.S. Oct. 16, 2023) ............................................................. 7

**Statutes**

28 U.S.C. § 1292(a)(1) ................................................................................................................... 9

**Rules**

Fed. R. App. P. 8 ........................................................................................................................... 9

## INTRODUCTION

On December 13, 2023, the Court directed the parties to "brief whether or not the Court can issue a ruling on" Plaintiffs' motion for a preliminary injunction in *Kennedy v. Biden*, No. 3:23-cv-00381 (W.D. La.) ("*Kennedy*"), "despite the related case that is currently pending before the Supreme Court." ECF No. 28. Although the consolidation of *Kennedy* with *Missouri v. Biden*, No. 3:22-cv-01213 (W.D. La.) ("*Missouri*"), does not deprive the Court of jurisdiction to adjudicate the *Kennedy* Plaintiffs' preliminary injunction motion, for many of the reasons this Court has previously recognized, *see* ECF No. 27, adjudication of that motion before the Supreme Court resolves *Murthy v. Missouri*, No. 23-411 (cert. granted Oct. 20, 2023), would make little practical difference and would serve only to complicate proceedings.

*First*, the Supreme Court already has stayed in full the *Missouri* injunction, as modified by the Fifth Circuit in *Missouri v. Biden*, 83 F.4th 350 (5th Cir. 2023). *See Murthy v. Missouri*, No. 23-411, 601 U.S. ----, 2023 WL 6935337, at *1 (Oct. 20, 2023). In staying the *Missouri* injunction, the Supreme Court necessarily determined that Defendants have made a strong showing that the relief granted to the *Missouri* Plaintiffs was erroneous, and that the equities and public interest weigh against giving effect to the injunction pending appellate disposition. The broad terms of the injunction stayed in *Missouri* overlap significantly with the injunction sought by the *Kennedy* Plaintiffs, the evidentiary record on which the *Kennedy* Plaintiffs rely is the same record as in *Missouri*, and the harms alleged by the *Kennedy* Plaintiffs are the same as those alleged by the *Missouri* Plaintiffs. Accordingly, it would be inappropriate to issue an injunction that would at least partially reinstate the injunction that the Supreme Court has already stayed. For this reason alone, the Court should defer ruling on the pending motion until the Supreme Court decides *Missouri*. At a minimum, the Supreme Court's stay in *Missouri* requires this Court to immediately stay any injunction it might issue in favor of the *Kennedy* Plaintiffs.

*Second*, the prudential considerations counseling in favor of holding Plaintiffs' preliminary injunction motion in abeyance that this Court acknowledged when granting the *Kennedy* Plaintiffs' motion for consolidation remain valid and, if anything, have only become stronger over time. In

1

its consolidation order, this Court stated that it would "not rule on the preliminary injunction in *Kennedy v. Biden* until after a ruling by the Fifth Circuit and/or the Supreme Court of the United States on the preliminary injunction in *Missouri v. Biden*" because deferring a ruling would "keep the consolidation from complicating the matter on appeal and … result in a more streamlined resolution of the preliminary injunction in *Kennedy v. Biden*." ECF No. 27 at 4-5. That was and remains correct.

Indeed, it is beyond dispute that any appellate disposition of the injunction in *Missouri* would largely govern the disposition of the injunction sought by the *Kennedy* Plaintiffs here. When seeking intervention before the Supreme Court in *Missouri*, the *Kennedy* Plaintiffs acknowledged that the Supreme Court's decision in *Missouri* would, "for all intents and purposes, adjudicate their claims." *See Kennedy* Plaintiffs' Mot. to Intervene at 9, *Murthy*, No. 23-411 (U.S. Oct. 26, 2023). And when consolidating the two actions, this Court determined that they raise the same legal challenges on substantially identical facts against the same defendants as in *Missouri*.

That the *Kennedy* Plaintiffs purport to advance a different theory of standing does not alter this analysis. As an initial matter, both the *Missouri* Plaintiffs and Defendants agree that the *Missouri* Plaintiffs make precisely the same argument in support of their own standing as do the *Kennedy* Plaintiffs. And, if anything, the *Kennedy* Plaintiffs' evidence to substantiate that theory of standing is even more deficient than the *Missouri* Plaintiffs' evidence because the *Kennedy* Plaintiffs failed to adduce any evidence of injury resulting from Defendants' conduct, instead relying entirely on the *Missouri* record. *See* ECF No. 17 at 7-8. But even if the theories or proof of standing were stronger in *Kennedy*, the Supreme Court's resolution of *Missouri* would likely still provide guidance relevant to this Court's resolution of the *Kennedy* Plaintiffs' motion.

Moreover, because Defendants have already filed their brief in the Supreme Court and the *Missouri* Plaintiffs will do so by February 2, 2024, even if the Court were to decide the *Kennedy* Plaintiffs' preliminary injunction immediately, there is no practical way that this Court's decision in *Kennedy* could be taken up in time for the Supreme Court to consider that decision alongside *Missouri*. Accordingly, issuance of the requested injunction in *Kennedy* would only waste judicial

2

and party resources by requiring largely duplicative appellate briefing and judicial determinations—potentially on a highly expedited emergency basis—that likely would be overtaken by the Supreme Court's decision in *Missouri*.

For these reasons, this Court should not rule on the *Kennedy* Plaintiffs' preliminary injunction motion while the *Missouri* action is pending before the Supreme Court. But if the Court does rule, it should deny the injunction for the reasons stated in Defendants' Opposition, *see* ECF No. 17. And in all events, if the Court rules on the motion and is inclined to grant an injunction, it should immediately stay the injunction pending appeal.

## BACKGROUND

### A. The Now-Consolidated *Kennedy* Follow-On Action

On March 24, 2023, four days after this Court issued its decision on the motion to dismiss in *Missouri*, *see Missouri*, ECF No. 224, the *Kennedy* Plaintiffs filed their complaint. ECF No. 1. Thereafter, they moved for a preliminary injunction based solely on the record established in *Missouri*. *See* ECF No. 6 at 1 ("Plaintiffs seek no new discovery and submit no new evidence …"). In particular, the *Kennedy* Plaintiffs requested that the Court "enjoin[] Defendants from engaging, pursuant to their official duties, in private communications with social media companies with the purpose of inducing those companies [to] censor constitutionally protected speech." *Id.*

They also sought consolidation of their action with *Missouri*. *See Missouri*, ECF No. 236. In seeking consolidation, the *Kennedy* Plaintiffs emphasized that their action involves allegations that "are substantially identical" to those in *Missouri*, "rais[es] the very same challenge" as in *Missouri*, and involves the same defendants. *Missouri*, ECF No. 236-1 at 1, 3; *see also id.* at 1 ("The only difference is the identity of the Plaintiffs …"); ECF No. 1 ¶ 115 (*Kennedy* Plaintiffs' Complaint asserting that "[m]any of the factual details alleged in [the *Missouri*] complaint are realleged below"). This Court granted consolidation on July 24, 2023, explaining that the relevant legal issue is "the same" in both cases. ECF No. 27 at 4.

To prevent "the consolidation from complicating the matter on appeal" and to ensure "a more streamlined resolution of the preliminary injuction in *Kennedy*," this Court stated that it would "not rule on the preliminary injunction in *Kennedy v. Biden* until after a ruling by the Fifth Circuit and/or the Supreme Court of the United States on the preliminary injunction in *Missouri v. Biden*." *Id.* at 4-5. On December 13, 2023, this Court issued a Minute Order stating it "is inclined to issue a ruling on" the *Kennedy* Plaintiffs' motion for a preliminary injunction and directed the parties to "brief whether or not the Court can issue a ruling on that pending motion despite the related case that is currently pending before the Supreme Court." ECF No. 28.

### B. The *Missouri* Preliminary Injunction

On July 4, 2023, this Court issued a preliminary injunction in *Missouri*. *See Missouri*, ECF No. 294. Defendants appealed, *see* ECF No. 296, and sought a stay of the injunction pending appeal, *see* ECF No. 297. After this Court denied the requested stay, *see* ECF No. 301, the Fifth Circuit administratively stayed the injunction, *see Missouri v. Biden*, No. 23-30445, (5th Cir. July 14, 2023), ECF No. 34-2. The Fifth Circuit then affirmed this Court's injunction as to a narrowed subset of Defendants—the White House, Surgeon General, CDC, FBI, and (following reconsideration, *see Missouri*, 83 F.4th at 358) CISA—and narrowed the injunction's scope. *Id.* at 399. The Fifth Circuit administratively stayed the modified injunction for ten days to allow Defendants to seek Supreme Court review. *Id.* at 399.

Defendants applied to the Supreme Court for a stay of the injunction and noted that the Supreme Court could treat the application as a petition for a writ of certiorari and grant that petition to expedite proceedings. On October 20, 2023, the Supreme Court stayed in full the preliminary injunction as modified by the Fifth Circuit and granted certiorari. *See Murthy*, 601 U.S. ----, 2023 WL 6935337, at *1.

The *Kennedy* Plaintiffs (who had not sought intervention before the Fifth Circuit) then moved to intervene as respondents in the Supreme Court. *Kennedy* Plaintiffs' Mot. to Intervene, *Murthy*, No. 23-411 (U.S. Oct. 26, 2023). The *Kennedy* Plaintiffs argued that their intervention

was warranted to "ensure standing," *id.* at 6, and again emphasized that they are pursuing First Amendment claims that are "substantially identical" to those raised by the *Missouri* Plaintiffs, *id.* at 8. The *Kennedy* Plaintiffs further recognized that the Supreme Court's decision in *Missouri* would, "for all intents and purposes, adjudicate their claims." *Id.* at 9.

The motion was opposed by both Defendants and the *Missouri* Plaintiffs. Defendants argued that the motion was untimely and that the *Kennedy* Plaintiffs failed to identify any interest that the *Missouri* Plaintiffs do not adequately represent. *See* Gov't Opp. to Mot. for Leave to Intervene at 6-10, *Murthy*, No. 23-411 (U.S. Nov. 6, 2023). In response to the *Kennedy* Plaintiffs' assertion that their intervention was necessary to ensure standing, Defendants emphasized that the *Missouri* Plaintiffs "have made precisely the same argument in support of their own standing" as that advanced by the *Kennedy* Plaintiffs. *Id.* at 9. The *Missouri* Plaintiffs agreed, arguing that they "share equally in any censorship injury to the Kennedy Plaintiffs, and have standing on the same basis." *See* Plaintiffs-Respondents' Resp. in Opp. to Mot. to Intervene at 2, *Murthy*, No. 23-411 (U.S. Nov. 6, 2023). The Supreme Court denied the *Kennedy* Plaintiffs' motion for leave to intervene. *See Murthy v. Missouri*, No. 23-411, 601 U.S. ----, 2023 WL 8531845 (Dec. 11, 2023) (mem.). Only Justice Alito noted a dissent.

## ARGUMENT

I. **Although The Consolidation Of Cases Does Not Deprive The Court Of Jurisdiction, The Court Should Not Issue An Injunction That Contravenes The Supreme Court's Stay Of The *Missouri* Injunction.**

The consolidation of the *Kennedy* and *Missouri* cases does not deprive the Court of jurisdiction to adjudicate the *Kennedy* Plaintiffs' motion for a preliminary injunction while the *Missouri* appeal is pending before the Supreme Court. *Cf. Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (holding that even where a district court consolidates cases for "all purposes," the cases "retain their separate identities" for purposes of appellate jurisdiction). Legal and practical considerations nonetheless counsel against adjudicating the *Kennedy* Plaintiffs' preliminary injunction motion now.

Most significantly, issuing the injunction requested by the *Kennedy* Plaintiffs would contravene the Supreme Court's determination that Defendants should not be so enjoined while the *Missouri* appellate process is ongoing. That determination necessarily reflects the Supreme Court's conclusions both that Defendants have made a "strong showing" that they are likely to succeed on the merits *and* that the equities and "the public interest" disfavor implementation of the injunction during the appellate process. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (courts must assess: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies") (citation omitted); *cf. Murphy v. Collier*, 942 F.3d 704, 708-09 & n.3 (5th Cir. 2019) (recognizing that a Supreme Court stay order without explicit reasoning necessarily implied a ruling on the plaintiff's likelihood of success on the merits).

The Supreme Court's determinations on those factors when staying the *Missouri* injunction control here. Having affirmatively argued as much when seeking consolidation, Plaintiffs cannot dispute that their action involves allegations that "are substantially identical" to those in *Missouri*, "rais[es] the very same challenge" as in *Missouri*, and involves the same Defendants as *Missouri*. *Missouri*, ECF No. 236-1 at 1, 3. Unsurprisingly, then, the injunction they seek overlaps significantly with the terms of the injunction this Court issued in *Missouri*, which the Supreme Court stayed. *Compare* ECF No. 6 at 1 (*Kennedy* Plaintiffs' request that the Court "enjoin[] Defendants from engaging, pursuant to their official duties, in private communications with social media companies with the purpose of inducing those companies [to] censor constitutionally protected speech") (emphasis omitted), *with Missouri*, ECF No. 294 (*Missouri* injunction). Thus, because the *Kennedy* Plaintiffs seek an injunction against the same conduct at issue in *Missouri*, based on the same claims and factual record as in *Missouri*, the issuance of such an injunction would impermissibly contravene the Fifth Circuit's decision to narrow the *Missouri* injunction and the Supreme Court's decision to stay that injunction. Of course, this Court is not permitted to "com[e] to opposite conclusions on the precise issues presented and necessarily decided by" the

6

Supreme Court. *League of United Latin American Citizens v. Abbott*, 951 F.3d 311, 315-16 (5th Cir. 2020) (citation omitted).

The proceedings in *VanDerStok v. BlackHawk Mfg. Grp. Inc.*, No. 4:22-CV-00691-O, 2023 WL 5978332, at *1 (N.D. Tex. Sept. 14, 2023), *vacated sub nom. Garland v. Blackhawk Mfg. Grp., Inc.*, No. 23A302, 2023 WL 6801523 (U.S. Oct. 16, 2023), illustrate the point—a district court may not contravene the Supreme Court's stay of an injunction by issuing the same injunctive relief to a different party, as contemplated here.  There, the Supreme Court had previously stayed an order vacating a final agency rule pending disposition of the Government's appeal in the Fifth Circuit and disposition of a petition for a writ of certiorari, if sought.  *Garland v. VanDerStok*, No. 23A82, 2023 WL 5023383, at *1 (U.S. Aug. 8, 2023).  Before the appellate proceedings had concluded, the district court nonetheless issued a second injunction prohibiting application of the final rule as to two intervening parties.  The Supreme Court promptly vacated that second injunction in *Garland v. Blackhawk Mfg. Grp., Inc.*, 2023 WL 6801523, at *1 (U.S. Oct. 16, 2023).  And later, in another case raising a similar challenge to the rule, when a district court nevertheless issued an injunction, the Fifth Circuit immediately stayed that injunction in light of "the stay granted by the Supreme Court in *Garland v. VanDerStok*."  *Polymer80, Inc. v. Garland*, No. 23-10527 (5th Cir. Nov. 30, 2023) (per curiam), ECF No. 49-1.

At a minimum, then, if this Court were to grant the *Kennedy* Plaintiffs' motion for a preliminary injunction now, it should stay the injunction pending appeal for the same reasons that the Supreme Court stayed the *Missouri* injunction.  That is because "the Supreme Court's stay of this Court's prior injunction order appears to reflect the conclusion of a majority of that Court" that the enjoined conduct "should be permitted to proceed pending resolution of the merits." *California v. Trump*, 407 F. Supp. 3d 869, 907 (N.D. Cal. 2019), *aff'd sub nom. Sierra Club v. Trump*, 977 F.3d 853 (9th Cir. 2020), *cert. granted, judgment vacated sub nom. Biden v. Sierra Club*, 142 S. Ct. 56 (2021).

In *California*, a district court had before it two different actions (which had not been consolidated) brought by different plaintiffs alleging different legal theories as the basis for an

7

injunction to enjoin the challenged government actions—border barrier construction projects. *See id*. at 883 (explaining that one challenge was brought under Section 8005 of the Department of Defense Appropriations Act of 2019, Pub. L. No. 115-245, 132 Stat. 2981 (2018), while different parties sought order to enjoin border barrier construction projects in action brought under 10 U.S.C. § 2808). After the Supreme Court stayed the injunction in one of those cases, the district court stayed its injunction in the second case in light of the Supreme Court's stay, even though the second case involved different plaintiffs pursuing a different legal theory. *See id.* It follows, *a fortiori*, that a stay of any injunction that issues in this action is warranted in light of the Supreme Court's stay of an injunction issued on substantively identical claims in the consolidated *Missouri* case. Here, as in *California*, the Supreme Court has determined that the challenged conduct should be permitted to proceed pending the appellate process. *Accord Polymer80*, No. 23-10527, ECF No. 49.

II. **The Supreme Court's Grant Of Certiorari In *Missouri* Only Strengthens The Prudential Considerations That Led This Court To Defer Resolution Of The *Kennedy* Plaintiffs' Motion For A Preliminary Injunction.**

Even if this Court could issue the injunction sought by the *Kennedy* Plaintiffs, it should decline to do so out of respect for the same prudential considerations that this Court recognized when determining that it would defer ruling on the *Kennedy* Plaintiffs' motion until after "a ruling by the Fifth Circuit and/or the Supreme Court of the United States on the preliminary injunction in *Missouri*," ECF No. 27 at 4. As this Court recognized when granting consolidation, waiting to rule on the *Kennedy* Plaintiffs' motion for preliminary relief until after appellate courts had ruled on the merits of the *Missouri* injunction would "result in a more streamlined resolution" of the preliminary injunction in *Kennedy*. *Id.* at 4-5. Those concerns are even weightier now that the Supreme Court has granted certiorari in *Missouri*: the Supreme Court's decision will implicate or even fully resolve the *Kennedy* motion, meaning this Court's immediate issuance of an injunction in *Kennedy* (and subsequent appellate proceedings) would unnecessarily consume judicial and

8

party resources.[1]  The *Kennedy* Plaintiffs themselves asserted that the Supreme Court's decision in *Missouri* would "for all intents and purposes[] adjudicate their claims." *Kennedy* Plaintiffs' Mot. to Intervene at 9, *Murthy*, No. 23-411 (U.S. Oct. 26, 2023).

Defendants anticipate that the *Kennedy* Plaintiffs may rely on points raised by Justice Alito, in his dissent from the Supreme Court's denial of the *Kennedy* Plaintiffs' motion to intervene, as support for a different conclusion. *See Murthy*, 601 U.S. ----, 2023 WL 8531845, at *1 (Dec. 11, 2023) (Alito, J., dissenting).  Those points do not support issuance of the preliminary injunction the *Kennedy* Plaintiffs seek.

*First*, Justice Alito suggested that the *Kennedy* Plaintiffs may have a different or stronger basis for asserting standing than do the *Missouri* Plaintiffs, and so the *Kennedy* Plaintiffs may argue that reversal of the *Missouri* injunction on Article III standing grounds would not necessarily control in *Kennedy*.  *See Murthy*, 601 U.S. ----, 2023 WL 8531845, at *1 (Alito, J., dissenting) ("[A]llowing Mr. Kennedy to intervene would ensure that we can reach the First Amendment issues, notwithstanding the Government's contention that respondents lack standing.").  As a threshold matter, the premise is mistaken.  Both the *Missouri* Plaintiffs and Defendants have emphasized that the *Missouri* Plaintiffs "have made precisely the same argument in support of their own standing" as have the *Kennedy* Plaintiffs.  Gov't Opp. to Mot. for Leave to Intervene at 9, *Murthy*, No. 23-411 (U.S. Nov. 6, 2023); *see also* Plaintiffs-Respondents' Resp. in Opp. to Mot. to Intervene at 2, *Murthy*, No. 23-411 (U.S. Nov. 6, 2023) ("Respondents … share equally in any censorship injury to the Kennedy Plaintiffs, and have standing on the same basis.").  And the *Kennedy* Plaintiffs rely on the same record to substantiate their identical theory of standing.  *See* ECF No. 6 at 1 ("Plaintiffs seek no new discovery and submit no new evidence …").  Justice

---

[1] It would be equally imprudent for this Court to *deny* the *Kennedy* Plaintiffs' motion at this point, although the Court should ultimately deny the motion for the reasons explained in Defendants' Opposition, ECF No. 17.  If this Court were to deny the motion at this point, the *Kennedy* Plaintiffs would be entitled to seek interlocutory appellate review and an injunction pending appeal, 28 U.S.C. § 1292(a)(1); Fed. R. App. P. 8.  That would waste judicial and party resources, requiring duplicative briefing in at least one appellate court before the Supreme Court has decided *Missouri*.

9

Alito's assertion that Defendants "ha[ve] not argued otherwise," *Murthy,* 601 U.S. ----, 2023 WL 8531845, at *1 (Alito, J., dissenting), regarding the *Kennedy* Plaintiffs' standing overlooks Defendants' positions in this Court. *See* ECF No. 17 at 5-11 (arguing the *Kennedy* Plaintiffs lack Article III standing).

Moreover, even if this Court views the *Kennedy* Plaintiffs' standing arguments as being materially different from those advanced by the *Missouri* Plaintiffs, and even if the Supreme Court were to reverse the *Missouri* injunction solely on the ground that the *Missouri* Plaintiffs lack standing, such a disposition would likely still be quite relevant to *Kennedy*. For example, if the Supreme Court were to decide that the *Missouri* Plaintiffs lacked standing to obtain prospective injunctive relief because they had identified only past instances of content moderation, the same would be true of the *Kennedy* Plaintiffs, as argued in Defendants' Opposition, ECF No. 17 at 7. And of course, if the Supreme Court were to conclude that at least one of the *Missouri* Plaintiffs has standing, then its disposition of the merits obviously would be quite relevant to the propriety of the *Kennedy* Plaintiffs' request for an injunction. Accordingly, the Court should wait for the Supreme Court to decide *Missouri* notwithstanding any asserted differences in the *Kennedy* Plaintiffs' arguments for standing.

*Second*, Justice Alito stated that the denial of intervention "is likely to prevent Mr. Kennedy from vindicating the rights he claims until the spring of 2024 and perhaps as late of as June of that year." *See Murthy*, 601 U.S. ----, 2023 WL 8531845, at *1 (Alito, J., dissenting). But the same is true of the *Missouri* Plaintiffs in light of the Supreme Court's stay, and there is no sound basis to privilege the *Kennedy* Plaintiffs, who delayed in bringing their claims, over the *Missouri* Plaintiffs. Moreover, this Court's ruling on the *Kennedy* Plaintiffs' motion would not allow them a speedier path to vindicate their rights. For one thing, it would be too late to seek consolidation with the *Missouri* action before the Supreme Court. That Court already has denied the *Kennedy* Plaintiffs' motion to intervene, and briefing and argument in *Missouri* likely would be complete well before the Fifth Circuit could resolve any appeal from this Court's issuance or denial of an injunction in *Kennedy*. Indeed, it would be too late for the Supreme Court to hear both cases together even if a

party were to seek certiorari before judgment, given that (as noted above) Defendants have already filed their opening brief in the *Missouri* case. In all likelihood, moreover, any petition for a writ of certiorari before judgment would be held pending resolution of *Missouri*. *See, e.g.*, *Ross v. California*, No. 18-1214, 139 S. Ct. 2778 (2019) (mem.) (petition for a writ of certiorari before judgment filed after Supreme Court had granted another case on same issue held until disposition of the earlier case). Nor would the *Kennedy* Plaintiffs be entitled to any interim relief during that time because, as explained in Part I, *supra*, any injunction the Court were to issue should be stayed pending appeal in light of the Supreme Court's stay in *Missouri*.

In any event, the alleged harm asserted by the *Kennedy* Plaintiffs does not satisfy the irreparable harm requirement for an injunction. As explained in Defendants' Opposition, the *Kennedy* Plaintiffs cannot establish any irreparable harm (much less irreparable harm unique to them) given their delay in seeking injunctive relief and their failure to adduce any evidence of ongoing or imminent content moderation caused by the actions of the Defendants. *See* ECF No. 17 at 6-8. Indeed, another court recently rejected Plaintiff Kennedy's claim that any current content moderation of his speech by social-media companies was the result of the federal government's involvement rather than the platforms' independent decisions. *See, e.g.*, *Kennedy, Jr. v. Google LLC*, No. 3:23-cv-03880, (N.D. Cal. Nov. 7, 2023), ECF No. 60, (denying Kennedy's preliminary injunction motion against Google because he failed to establish any state action), *appeal pending*, No. 23-3411 (9th Cir. appeal docketed Nov. 9, 2023).

Having sought to jumpstart their own case through consolidation, the *Kennedy* Plaintiffs should not be heard now to complain that the *Missouri* proceedings are impeding their efforts to seek relief. The same concerns for judicial economy and orderly resolution of the issues that

underlay consolidation should lead the Court to defer any decision on the *Kennedy* Plaintiffs' preliminary injunction motion.

## CONCLUSION

For the foregoing reasons, although the Court possesses jurisdiction to resolve the *Kennedy* Plaintiffs' motion for a preliminary injunction, for the reasons it has previously recognized, as well as the additional reasons stated herein, this Court should defer resolution pending the Supreme Court's resolution of *Missouri*. If the Court nevertheless were to decide the motion now and enter an injunction, the injunction should be stayed pending appeal.

Dated: December 20, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

*/s/ Alexander W. Resar*
ALEXANDER W. RESAR (N.Y. Bar No. 5636337)
CATHERINE M. YANG (N.Y. Bar No. 5319736)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 616-8188
alexander.w.resar@usdoj.gov

*Attorneys for Defendants*