UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ROBERT F. KENNEDY, JR. ET AL.　　　CIVIL ACTION NO. 3:23-cv-00381


VERSUS　　　JUDGE:  TERRY A. DOUGHTY


JOSEPH R. BIDEN ET AL.　　　MAG. JUDGE: KAYLA D. MCCLUSKY


*************************************************************************

PLAINTIFFS' SUPPLEMENTAL BRIEF ON
MOTION FOR PRELIMINARY INJUNCTION

*************************************************************************

## PLAINTIFFS' SUPPLEMENTAL BRIEF ON
## MOTION FOR PRELIMINARY INJUNCTION

On December 13, 2023, your Honor ordered the parties to "brief whether or not the Court can issue a ruling on [the *Kennedy* Plaintiffs'] pending motion [for a preliminary injunction] despite the related case that is currently pending before the Supreme Court." [Doc. No. 28.] On December 20, 2023, Defendants submitted their brief responding to that order. [Doc. No. 29.] The very first paragraph of Defendants' brief concedes (correctly) that the answer to the Court's question is yes: under *Hall v. Hall*, 138 S. Ct. 1118 (2018), this Court retains jurisdiction over *Kennedy v. Biden* and has full authority to issue a ruling on the pending preliminary injunction motion. [*See* Doc. No. 29 at 1.]

After having answered the Court's question, Defendants then offer eleven pages of argument, which the Court did not authorize, insisting for a variety of self-serving reasons that although the Court has jurisdiction, it should not grant the preliminary injunction. [*See id*. at 1-11.] Plaintiffs will rebut Defendants' primary arguments but will not similarly abuse the Court's order.

I.     ***The Court Can Issue the Injunction.***

In *Hall v. Hall*, the Supreme Court unanimously held that where (as here) two cases are consolidated under Fed. R. Civ. P. 42, even for "all purposes," the cases retain their "independent character" so that one may be appealed even as proceedings in the other case remain "ongoing" in the district court. 138 S. Ct. at 1125. Only as to the *appealed* case is the district court divested of jurisdiction. *Hall*, 138 S. Ct. at 1131. As to the non-appealed case, consolidation does not deprive a party of "any right . . . to which it would have been entitled" had the cases not been consolidated. *Id.* at 1126 (quoting *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 293 (1892)). The Court quoted approvingly from an opinion by Judge Learned Hand that "consolidation does not merge

the suits; it is a mere matter of convenience in administration, *to keep them in step*. They remain

as independent as before." *Johnson v. Manhattan R. Co.*, 61 F. 2d 934, 940 (2nd Cir. 1932)

(emphasis added), *aff'd* 289 U. S. 479 (1933). Consolidation does "not prejudice rights to which

the parties would have been due had consolidation never occurred," nor does it "[f]orc[e] an

aggrieved party to wait for other cases to conclude." *Hall*, 138 S. Ct. at 1128 (citations omitted).

Accordingly, notwithstanding the appeal of *Missouri v. Biden*, this Court retains jurisdiction over

*Kennedy v. Biden*, has full authority to decide the preliminary injunction, and should do so in order

to "keep" the two cases "in step."

II.     ***The Stay Issued in* Missouri v. Biden *Does Not Imply a Ruling on the Merits, Does Not Preclude this Court from Issuing a Preliminary Injunction, and Does Not Counsel Against Deciding the Injunction*.**

Defendants' primary argument is that the Supreme Court's stay (without opinion) in

*Missouri v. Biden* must be viewed as implying a "ruling" by the Supreme Court that Defendants

are highly likely to "succeed on the merits," which (according to Defendants) this Court would be

contradicting if it granted the preliminary injunction here. [Doc. No. 28 at 6.] As support for this

argument, Defendants rely on and quote the standard of review for stay applications set forth in

the Supreme Court's well-known *Nken* decision: according to Defendants, the Court's stay in

*Missouri* "necessarily reflects the Supreme Court's conclusion[] that Defendants have made a

'strong showing' that they are likely to succeed on the merits." [Doc. No. 28 at 6 (quoting *Nken v.*

*Holder*, 556 U.S. 418, 434 (2009)).] This is an error of law.

*Nken* governs ordinary appellate court stay applications, *see* 556 U.S. at 434, but as

Defendants surely know, emergency stay applications in the Supreme Court are decided ***not*** under

the *Nken* strong-likelihood-of-success-on-the-merits standard, but rather under the more lenient

"fair prospect of reversal" standard. *See, e.g.*, *Little v. Reclaim Idaho*, 140 S. Ct. 2616, 2618 (2022)

(Roberts, C.J., concurring in grant of stay) ("Under the well-settled standard for this form of relief, the [applicant] must show . . . a 'fair prospect' that the Court will reverse the judgment below") (citation omitted); *Maryland v. King*, 567 U.S. 1301, 1302 (2012) (Roberts, C.J., in chambers) ("fair prospect" of reversal); *see also Barnes* v. *E-Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*, 501 U. S. 1301, 1302 (1991) (Scalia, J., in chambers) ("significant possibility" of reversal).

Here, Defendants are particularly aware that the Justices may have granted the stay in *Missouri v. Biden* under the more lenient "fair prospect" standard of review, **because that is the standard they argued for.** *See* Application for Stay, *Murthy v. Missouri*, No. 23A243 at 13 (U.S. 2023) (brief submitted Sept. 14, 2023) (quoting and citing *Maryland v. King*, *supra*).[1] It is quite improper for Defendants to tell this Court that the *Missouri v. Biden* stay "necessarily" reflects a strong-likelihood-of-success-on-the-merits ruling under the *Nken* standard, when they themselves sought that stay under the more lenient "fair prospect" standard set forth in *Maryland v. King*.

The difference between the *Nken* standard and the "fair prospect" standard is no mere technicality. It is central—and fatal—to Defendants' argument here, on a crucial point and at a crucial juncture not only for this case but for the nation. Defendants are trying to persuade this Court that granting a preliminary injunction to the *Kennedy* Plaintiffs would somehow violate the basic command that lower courts may not "'com[e] to opposite conclusions on the precise issues presented and necessarily decided by' the Supreme Court." [Doc. No. 28 at 6-7.] But *no* precise issues were necessarily decided by the Supreme Court when it issued the stay in *Missouri*. Likelihood of success on the merits is of course an issue this Court must decide in ruling on the

---

[1] The application for stay is available at https://www.supremecourt.gov/DocketPDF/23/23A243/279530/20230914115558015_23A-Marthy%20v.%20Missouri.pdf.

*Kennedy* Plaintiffs' preliminary injunction motion. By asserting (falsely) that the Court issued the *Missouri* stay under *Nken*, Defendants are trying to create the (false) impression that the Supreme Court "necessarily decided" that Defendants are likely to succeed on the merits in the *Missouri* case. But the Court did no such thing.

Defendants run the same sleight of hand with respect to the balance of equities and public interest. Again invoking *Nken*, Defendants repeatedly assert that "[i]n staying the *Missouri* injunction, the Supreme Court necessarily determined" that "Defendants have made a 'strong showing' . . . that the equities and 'the public interest' disfavor implementation of the injunction." [Doc. No. 28 at 1, 6 (quoting *Nken*).] But unlike the *Nken* standard, the fair prospect standard does not require consideration of the balance of equities or the public interest. *Compare Nken*, 556 U.S. at 434 (requiring consideration of competing equities and public interest), *with Little*, 140 S. Ct. at 2618 (stating "fair prospect" standard with no mention of competing equities or public interest); *Maryland v. King*, 567 U.S. at 1302 (same); *Hollingsworth* v. *Perry*, 558 U. S. 183, 190 (2010) (*per curiam*) (stating "fair prospect" standard and stating that Court *may* take into account balance of equities). Once again, Defendants are trying to create the false impression that the Supreme Court's stay in *Missouri* necessarily implies a ruling on an issue potentially relevant here, when in fact it does not.

Defendants commit a similarly flagrant error of law when they claim that a Fifth Circuit case "recogniz[es] that a Supreme Court stay order without explicit reasoning necessarily implie[s] a ruling on the plaintiff's likelihood of success on the merits." [Doc. No. 28 at 6 (citing *Murphy v. Collier*, 942 F.3d 704, 708-09 & n.3 (5th Cir. 2019)).] Once more, this is a serious mischaracterization. What the Fifth Circuit actually said in *Murphy* was this: "While a majority of the Court did not give reasons for granting the stay, the grant contains an implicit finding that

4

Murphy's claim *was timely*." 942 F.3d at 709 n.3 (emphasis added). An implication that a claim is *timely* is a far cry from an implied ruling *on the merits*. *Murphy* by no means supports Defendants' unprecedented notion that lower courts must get into the tea-leaf-reading business of interpreting an unexplained Supreme Court stay in a related case and finding in such a stay an "implied" but nonetheless somehow binding "ruling" "on the merits."

The simple fact is that an unexplained Supreme Court stay in a related case reflects no more than a "possibility of relief" and does not imply a ruling on the merits. *See, e.g.*, *Dodds v. U.S. Dept. of Educ.*, 845 F.3d 217, 221 (6th Cir. 2016) ("While the Supreme Court has stayed a similar case . . . that fact . . . does nothing more than show a possibility of relief, which is not enough to grant a stay."). Thus Defendants' arguments based on the *Missouri* stay are incorrect as a matter of law and should be ignored.

In any event, and at bottom, this case—*Kennedy v. Biden*—is not the same as *Missouri v Biden*. As argued in the underlying preliminary injunction motion papers [Doc. No. 6-1], the *Kennedy* Plaintiffs: (1) have superior standing; (2) have asked for a different and more narrowly-tailored injunction, designed to obviate the primary arguments that Defendants have made against the *Missouri v. Biden* injunction; and (3) offer additional, different First Amendment arguments under which the Government Defendants' challenged conduct is unconstitutional as applied to these Plaintiffs even if it does not satisfy the coercion or joint action tests. [*See id*. at 2-5 (scope of injunction); 7-10 (explaining *Norwood* principle); 16-17 (standing).] Hence the Supreme Court's unexplained emergency stay in *Missouri* cannot and should not control this Court's decision on the pending preliminary injunction motion in *Kennedy v. Biden*.

Finally, the unique interests implicated by the claims of Plaintiff Robert F. Kennedy, Jr. make a ruling on the *Kennedy* Plaintiffs' preliminary injunction motion even more imperative. Mr.

Kennedy is a leading presidential candidate. Yet as this Court has specifically found, and as the facts established in the record of *Missouri v. Biden* amply demonstrate, the Administration has repeatedly singled out Mr. Kennedy for social media censorship. *See Missouri v. Biden*, No. 3:22-CV-01213, 2023 U.S. Dist. LEXIS 114585, at *13, 24 (W.D. La. July 4, 2023); *see also* Plaintiffs-Respondents' Brief submitted Nov. 6, 2023 at 4-10, *Murthy v. Missouri*, No. 23-411 (U.S. 2023) (acknowledging that the *Kennedy* Plaintiffs' standing is "unassailable" and detailing elaborate Administration targeting, and platform suppression, of Mr. Kennedy's speech).[2] The absence of a ruling on the *Kennedy* Plaintiffs' preliminary injunction motion "is likely to prevent Mr. Kennedy from vindicating the rights he claims until the spring of 2024 and perhaps as late of as June of that year." *Murthy v. Missouri*, No. 23-411, 2023 WL 8531845, at *1 (Dec. 11, 2023) (Alito, J., dissenting). Thus the entire nation's vital interest in a fair presidential election, undistorted by Administration efforts to censor a leading rival candidate, is directly at stake in this case and demands an expeditious ruling, whether for or against, on the *Kennedy* Plaintiffs' preliminary injunction motion.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask the Court to rule on Plaintiffs' pending preliminary injunction motion and to issue the injunction sought therein, barring Defendants (and anyone acting in concert with them) from engaging, in their official capacities, in any private communications with social-media companies with the purpose of inducing, encouraging, or promoting the censorship of constitutionally protected speech. Should the Court

---

[2] The brief is available at https://www.supremecourt.gov/DocketPDF/23/23-411/288893/20231106124321084_2023-11-06%20-%20Murthy%20v.%20Missouri%20-%20Respondents%20Opposition%20to%20Kennedy%20Motion%20to%20Intervene%20-%20Final%20for%20Filing.pdf.

grant the injunction, then, in order to keep the consolidated cases "in step," Plaintiffs respectfully further request that the Court: (1) indicate in its ruling that no motions for a stay or for reconsideration will be entertained and (2) certify its ruling for immediate appeal.

Respectfully submitted,

Dated: December 22, 2023

/s/ G. Shelly Maturin, II

_____
G. SHELLY MATURIN, II
(La. Bar # 26994)
Maturin Law
322 Heymann Blvd., Suite 1
Lafayette, LA 70503
Telephone: (337) 362-3514
E-mail: shelly@maturinlaw.com

Attorney for
ROBERT F. KENNEDY, JR.
CHILDREN'S HEALTH DEFENSE
CONNIE SOMPAGNARO
Plaintiffs in *Kennedy v. Biden*,
No. 3:23-cv-00381

JED RUBENFELD
(NY Bar # 2214104)
(pro hac vice forthcoming)
1031 Forest Rd.
New Haven CT 06515
Tel.:203-432-7631
E-mail: jed.rubenfeld@yale.edu

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above and foregoing has been served on all known

counsel of record via electronic transmission, facsimile, e-mail and/or by U.S. mail on this 22nd

day of December, 2023.


/s/ G. Shelly Maturin, II

_____

G. SHELLY MATURIN, II