UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ROBERT F KENNEDY JR ET AL**          CASE NO. 3:23-CV-00381

**VERSUS**                              JUDGE TERRY A. DOUGHTY

**JOSEPH R BIDEN JR ET AL**             MAG. JUDGE KAYLA D. MCCLUSKY

MEMORANDUM ORDER

Before this Court is a Motion to Intervene [Doc. No. 31] filed by Jason Goodman ("Goodman"). For the reasons set forth herein, Goodman's Motion to Intervene is **DENIED**.

I.  **BACKGROUND**

In this proceeding, Robert F. Kennedy Jr., Children's Health Defense, and Connie Sampognaro filed a Complaint [Doc. No. 1] alleging collusion and/or coercion by Defendants[1] with social media companies to suppress disfavored speakers, viewpoints, and contents in violation of the First Amendment to the United States Constitution.

On January 3, 2024, Goodman filed a Motion to Intervene [Doc. No. 31] in this proceeding. In his motion, Goodman alleges that he is an Investigative Journalist, talk show host and the founder of the social media brand *Crowdsource the Truth*. Goodman asks to intervene in

---

[1] Defendants consist of Joseph R. Biden, Jr., Karine Jean-Pierre, Vivek H. Murthy, Xavier Becerra, Dept. of Health & Human Services, Anthony Fauci, National Institute of Allergy & Infectious Diseases, Centers for Disease Control & Prevention, Carol Y. Crawford, Untied States Census Bureau, Jennifer Shopkorn, U.S. Department of Commerce, Alejandro Mayorkas, Robert Silvers, Samantha Vinograd, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, Gina McCarthy, Nina Jankowicz, Andrew Slavitt, Rob Flaherty, Courtney Rowe, Clarke Humphrey, Benhamin Wakana, Dana Remus, Aisha Shah, Laura Rosenberger, Mina Hsiang, U.S. Department of Justice, Federal Bureau of Investigation, Laura Dehmlow, Elvis M.. Chan, Jay Dempsey, Eric Waldo, Yolanda Byrd, Christy Choi. Tericka Lambert, Joshua Peck, Janell Muhammad, Matthew Masterson, Lauren Protentis, Geoffery Hale, Allison Snell, Brian Scully, Zachary Henry Schwartz, Lorena Molina-Irizarry, Kristin Galemore, U.S. Food and Drug Administration, Erica Jefferson, Michael Murray, Brad Kimberly, U.S. Department of State, Samaruddin K. Stewart, Daniel Kimmage, Alexis Frisbie, U.S. Department of Treasury, Mark A. Robbins, Kristen Muthig,

this proceeding by Intervention of Right and/or by Permissive Intervention because he brings specific facts the current parties are unaware of, which will expedite adjudication of this matter.

## II. LAW AND ANALYSIS

### A. Intervention of Right

Federal Rule of Civil Procedure, Rule 24(a) states:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by federal statute: or
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To obtain intervention as of right, an intervenor must satisfy a four prong test:  (1) the application must be timely;  (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.  All four of these requirements must be met to be allowed intervention of right. *Texas v. United States,* 805 F. 3d 653, 657 (5th Cir. 1996).

Addressing the four-prong test, there are no allegations or evidence to show that Goodman's interest would be inadequately represented by the existing parties in the suit.  There is a presumption of adequate representation when the applicant has the "same ultimate objective" as a party in the lawsuit.  Goodman's allegations align with the Plaintiffs, and Goodman has not overcome the presumption of adequate representation.  Therefore, Goodman's Motion to Intervene by an Intervention of Right is DENIED.

### B. Permissive Intervention

Federal Rule of Civil Procedure, Rule 24(b) states:

> (b) Permissive Intervention
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

District Courts have broad discretion in allowing intervention. *Trans Chemical Ltd. V. China National Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003). The denial of a request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors. *Hopwood v. State of Texas*, 21 F.3d 603, 606 (5th Cir. 1994). As previously discussed, the Plaintiffs adequately represent Goodman's ultimate objective.

Goodman is alleged to be a victim of the supposed First Amendment suppression. First, as previously addressed, Goodman has not shown he is not adequately represented by the named Plaintiffs in this proceeding. If this Court were to allow Goodman to intervene in this proceeding, it would open the door for other alleged victims to intervene, which would likely slow down the expedited discovery schedule previously set. Therefore, for these reasons, Goodman's Motion to Intervene by Permissive Intervention is DENIED.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Jason Goodman's Motion to Intervene [Doc. No. 31] is **DENIED**.

**MONROE, LOUISIANA,** this 10th day of January 2024.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**