IN THE UNITED STATES DISTRICT COURT  23-cv-00381-TAD-KDM
FOR WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION
-----------------------------------------------------------------------X
ROBERT F. KENNEDY, JR. ET AL.,  MOTION FOR
  RECONSIDERATION
               Plaintiff,
    -versus-

JOSEPH R. BIDEN ET AL.

              Defendants.
-----------------------------------------------------------------------X

    Intervenor applicant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully submits this motion for reconsideration. Critical information was omitted from Goodman's filing as a result of an excusable error that occurred when documents were scanned and entered on the ECF docket. This caused the Court to rule without evaluating evidence that clarifies aspects of Goodman's ultimate objective that differ from that of the existing Plaintiffs.

## INTRODUCTION

    1.    On January 3, 2024, Goodman filed a motion to intervene (Dkt. 31).

    2.    Due to Goodman's pro se status and the local rules of the U.S. District Court in the Western District of Louisiana, only paper filings made in person or by mail are allowed.

    3.    On January 4, 2024, when Goodman's USPS filing was scanned and entered on the docket, he noticed an error that resulted in critical exhibits being rendered totally illegible.

    4.    The envelope was scanned in color, (Dkt. 31-4) but color photographic exhibits were scanned in black and white, obscuring critical details resulting in an incomplete filing.

    5.    Because of this excusable error, Goodman respectfully requests the Court grant his request to file electronically, (Dkt. 34) and reconsider its decision of January 10, (Dkt. 33) to grant intervention once it has reviewed the proposed replacement exhibits.

## GOODMAN'S OBJECTIVE DIFFERS FROM THE PLAINTIFFS

6. On January 10, 2024, the Court determined that Goodman did not satisfy the requirements for intervention by right because he did not overcome the presumption of adequate representation and because he had the same ultimate objective as the existing Plaintiffs.

7. Goodman's objective differs in a crucial respect that the Court was not able to evaluate because evidence presented in Exhibit B of the filing (Dkt. 31-2 page 4) was obscured completely due to a scanning error. The exhibit includes an image of a message sent by an undercover operative ("UCO") employed by the National Institutes of Health ("NIH"), David George Sweigert ("Sweigert") to a defendant in this case, Nina Jankowicz, ("Jankowicz").

8. Goodman first became aware of UCOs after reading the transcript from *United States of America v Adam Dean Fox et al*, (*See Case* 1:20-cr-00183-RJJ ECF No. 647, Page 23).

9. Attorney Christopher Gibbons cross examined FBI Special Agent Kristopher Long, ("Long") under oath asking Long, inter alia, "[t]he FBI has a procedure to target people through on-line contacts, correct," and "[y]ou are familiar with something called group one on-line UCO, correct," and "this is an on-line sort of undercover activity where the FBI will target citizens and make contact with them on-line using on-line covert employees, correct?"

10. Long answered, stating, "I am familiar with that. Yes."

11. According to an FBI.gov webpage from 2016, "the National Cyber Investigative Joint Task Force (NCIJTF) was officially established in 2008. The NCIJTF is comprised of over 20 partnering agencies from across law enforcement, the intelligence community, and the Department of Defense, with representatives who are co-located and work jointly to accomplish the organization's mission from a whole-of-government perspective."

(https://web.archive.org/web/20161229235953/https://www.fbi.gov/investigate/cyber/national-cyber-investigative-joint-task-force)

12. Today, more than thirty government agencies are coordinated by this task force which now also includes private sector partners and non-profit organizations. This structure allows Jankowicz to carry on in her former DGB advisory capacity without actually being employed by any U.S. Government agency. Without specific language addressing UCOs and this type of deliberate deception, the Court has left itself vulnerable to a unique brand of ruling nullification as Sweigert's July 4, 2023 filing in the Southern District of New York demonstrates.

13. Evidence of communications between Sweigert and Jankowicz illuminates the scope and purpose of their undercover activity and has not yet been considered by this Court.

14. The request to enjoin UCO activity intended to subvert this and other Courts in general, and the Sweigert–Jankowicz coalition specifically, differentiates Goodman's objective from that of the Plaintiffs and is good cause to reconsider Goodman's motion to intervene.

**ENJOINED AGENCIES HAVE ACTED TO SECRETLY SUBVERT THIS COURT**

15. Sweigert is a contract support employee of the NIH but operates undercover, falsely posing as an unaffiliated private citizen acting on his own accord. This charade allows him to act in a clandestine capacity to coerce private sector social media companies at the behest of and in coordination with same government agency defendants this Court intended to enjoin.

16. Surely the Court cannot knowingly intend to allow such brazen subversion of its authority, making this another indication of an oversight by the Court worthy of reconsideration.

17. During and after her tenure at DHS, Jankowicz repeatedly stated that her role as a director there granted her no operational authority. According to her public statements, she merely provided guidance or other input to a range of government agencies.

18. During a May 26, 2022, interview on NPR, only days after her termination, Jankowicz explained to the listening public, *"this was an internal working group that was meant to support and advise the operational components of DHS. We had no operational authority or capability. It was still DHS' components that were doing the work, making decisions, et cetera."* https://www.npr.org/2022/05/26/1101439528/how-an-expert-on-online-disinformation-and-harassment-became-the-target-of-both

19. On or around May 16, 2022, Goodman published a report including allegations Jankowicz was in violation of 22 U.S.C. § 612 the Foreign Agents Registration Act ("FARA"). (https://odysee.com/@Crowdsourcethetruth:d/2022-05-16-20-00-03-Live:9)

20. Neither DHS nor Jankowicz have denied any of the allegations in the report and two days after the public allegations, Jankowicz resigned. In November 2022, Jankowicz registered under FARA, (https://efile.fara.gov/docs/7192-Exhibit-AB-20221118-1.pdf).

21. By compartmentalizing these roles, agencies avoid perjury when employees claim under oath that they did not file complaints or engage in coercion. This also allows private sector companies to claim they are not state actors when they violate citizens' rights.

22. By utilizing civilian UCOs like Sweigert, the same agencies the Court sought to enjoin can easily circumvent orders even if they are upheld by the Supreme Court. Sweigert has already with his July 4, 2023 filing, (*See Sweigert v Goodman* 1:23-cv-05875-JGK-VF SDNY).

23. Goodman seeks to enjoin UCO activity in general and Sweigert's actions specifically. The Court has not previously considered these unique but closely related factors.

### THE COURT SHOULD RECONSIDER PERMISSIVE INTERVENTION

24. Even if the Court determines this objective is not sufficiently distinct from that of existing parties, the Court should still reconsider its decision and allow permissive intervention.

25. Goodman is uniquely situated as compared to any other potential victim who might be motivated by Goodman's intervention. Sweigert has not harassed and sued any other U.S. citizens for the past six and a half years and no other intervenor applicant has come forward to complain of NIH UCO activity coordinated with Jankowicz in the manner Goodman has now.

26. To mitigate the risk of additional alleged victims coming forward, the Court could choose to allow only individuals who have been stalked by government agency UCOs for a minimum of six years and harassed with abusive legal action calculated to deliberately subvert this Court's orders and filed on July 4, 2023. This would allow the Court to evaluate malicoius behavior intended to subvert its orders without delaying discovery.

## CONCLUSION

For the reasons stated herein and any other appropriate reasons as determined by the Court, Goodman respectfully requests the Court reconsider its ruling and grant him intervention.

Dated: New York, New York January 15, 2023

Respectfully submitted,

Jason Goodman
Pro Se Plaintiff
252 7th Avenue Apt 6s
New York, NY 10001
truth@crowdsourcethetruth.org
347-380-6998

MOTION FOR RECONSIDERATION                                                                 5

IN THE UNITED STATES DISTRICT COURT      23-cv-00381-TAD-KDM
FOR WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION
-------------------------------------------------------------------X
ROBERT F. KENNEDY, JR. ET AL.,                  **CERTIFICATE OF SERVICE**

                      Plaintiff,
        -versus-

JOSEPH R. BIDEN ET AL.

                      Defendants.
-------------------------------------------------------------------X

It is hereby certified that Pro Se Intervenor Applicant Jason Goodman served Plaintiffs' and Defendants' counsel with a copy of the MOTION FOR RECONSIDERATION via email on January 15, 2024, at the email addresses below.

catherine.m.yang@usdoj.gov
alexander.w.resar@usdoj.gov
Joshua.E.Gardner@usdoj.gov
shelly@maturinlaw.com
jed.rubenfeld@yale.edu

Dated: New York, New York January 15, 2024

Respectfully submitted,

Jason Goodman
Pro Se Intervenor Applicant
252 7th Avenue Apt 6s
New York, NY 10001
truth@crowdsourcethetruth.org
347-380-6998