UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ROBERT F KENNEDY JR ET AL**     **CASE NO. 3:23-CV-00381**

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**JOSEPH R BIDEN JR ET AL**     **MAG. JUDGE KAYLA D. MCCLUSKY**

**ORDER**

The Court is in receipt of a letter/Motion [Doc. No. 36] filed *pro se* by non-party Jason Goodman ("Goodman"). The Court construes the Motion to be a Motion for Reconsideration. Goodman is moving the Court to reconsider its Memorandum Order [Doc. No. 33] denying his Motion to Intervene [Doc. No. 31]. Goodman asserts a number of reasons that the Court should reconsider its Order, but, overall, he asserts that "Critical information was omitted from Goodman's filing as a result of inexcusable error that occurred when documents were scanned and entered on the ECF docket." [Doc. No. 36, p. 1]. The Court has previously considered the information Goodman asserts in the instant motion, and it found that Goodman did not meet the requirements for intervention.

While there is no motion for reconsideration *per se,* there is a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The Fifth Circuit has explained that a Rule 59(e) motion "calls into question the correctness of a judgment," but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered," or were offered, "before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and internal quotation marks omitted). The Court sees no reason to alter or amend its previous Order. Accordingly,

**IT IS ORDERED** that Goodman's Motion for Reconsideration [Doc No. 36] is **DENIED**.

MONROE, LOUISIANA, this 19th day of January 2024.

_____
Terry A. Doughty
United States District Judge