# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 25, 2024

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 24-30252   Kennedy v. Biden
                    USDC No. 3:23-CV-381
                    USDC No. 3:22-CV-1213

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Angelique B. Tardie, Deputy Clerk
504-310-7715

Mr. Simon Christopher Brewer
Mr. Glynn Shelly Maturin II
Mr. Daniel J. McCoy
Mr. Michael Shih
Mr. Daniel Bentele Hahs Tenny
Mr. Daniel Winik

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 25, 2024
Lyle W. Cayce
Clerk

No. 24-30252

_____

State of Missouri

*Plaintiff,*

*versus*

Joseph R. Biden, Jr.

*Defendant,*

_____

Robert F. Kennedy, Jr.; Childrens Health Defense; Connie Sampognaro,

*Plaintiffs—Appellees,*

*versus*

Joseph R. Biden, Jr.; Karine Jean-Pierre; Vivek H. Murthy; Xavier Becerra; United States Department of Health and Human Services, *Et al.*,

*Defendants—Appellants.*

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CV-1213
USDC No. 3:23-CV-381

_____

UNPUBLISHED ORDER

Before HO, WILSON, and RAMIREZ, *Circuit Judges*.
PER CURIAM:

    Defendants-Appellants filed an emergency motion to stay the district court's preliminary injunction pending appeal. Due to the unique procedural circumstances of this case, and for the reasons explained below, we order a limited remand so that the district court may reconsider the plaintiffs' standing in the first instance in the light of *Murthy v. Missouri*, 144 S. Ct. 1972 (2024). Pending the limited remand, this appeal shall be administratively stayed. We deny the emergency motion for a stay as moot.

    This is a companion case to *Murthy*.[1] Essentially, both cases involve allegations that various actors in the federal government violated the First Amendment rights of social media users, including Plaintiffs-Appellees Robert F. Kennedy, Jr., Childrens Health Defense, and Connie Sampognaro (collectively, the "Kennedy Plaintiffs"), by initiating a "disinformation" censorship campaign during the COVID-19 pandemic. *Murthy*, 144 S. Ct. at 1991. Both cases proceeded in the Western District of Louisiana, but they have developed differently.

    The district court initially entered a preliminary injunction in *Missouri v. Biden* on July 4, 2023, which this court affirmed in part, reversed in part, and modified. 83 F.4th 350, 399 (5th Cir. 2023), *rev'd sub nom. Murthy*, 144 S. Ct. 1972. Though the district court consolidated this action with *Missouri* on July 24, 2023, the Kennedy Plaintiffs were not party to the district court's initial preliminary injunction in *Missouri*, nor participants in the appeals that

---

[1] Before reaching the Supreme Court, *Murthy v. Missouri* was styled as *Missouri v. Biden*. *See* 83 F.4th 350 (5th Cir. 2023), *rev'd sub nom. Murthy*, 144 S. Ct. 1972.

injunction engendered. *See Kennedy v. Biden*, No. 3:23-CV-00381, 2024 WL 625327, at *1–2 (W.D. La. Feb. 14, 2024). While this court's decision in *Missouri* was on appeal to the Supreme Court, and after the Supreme Court declined to allow the Kennedy Plaintiffs to intervene in *Murthy*, the district court granted a preliminary injunction for the Kennedy Plaintiffs in this case. *Id.* at *13. The district court stayed its *Kennedy* injunction "for ten (10) days after the Supreme Court sends down a ruling in [*Murthy*]." *Id.* After Defendants-Appellants appealed that injunction, we held this case in abeyance pending the Supreme Court's decision in *Murthy*.

On June 26, 2024, the Supreme Court decided *Murthy*, reversing this court on the basis that the *Murthy* plaintiffs lacked standing. 144 S. Ct. at 1997. Soon thereafter, Defendants-Appellants filed the instant emergency motion to stay the district court's preliminary injunction in *Kennedy* pending appeal. In short, Defendants-Appellants contend that their appeal is likely to succeed on the merits because the Kennedy Plaintiffs lack standing, just like the *Murthy* plaintiffs. In response, the Kennedy Plaintiffs contend that they have distinct grounds to substantiate standing—e.g., as censored speakers directly targeted by the federal government—that render *Murthy* distinguishable.

While we acknowledge that the Kennedy Plaintiffs assert at least some different, and perhaps stronger, grounds for standing than the plaintiffs in *Murthy*, the record in this case is not fully developed. The district court's injunction in *Kennedy* largely relied on the more extensive findings and record underpinning the district court's earlier injunction in *Missouri*. In situations such as this, "[w]here jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, [we] may remand the case to the district court for amendment of the allegations and for the record to be supplemented." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019) (alteration accepted) (quoting *Molett v. Penrod*

*Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989)). That is the best course here, particularly given the time-sensitive nature of the issues presented in this case.

IT IS, THEREFORE, ORDERED that this case is REMANDED for the limited purpose of allowing the district court, within thirty days from entry of this order, to consider the Kennedy Plaintiffs' standing in view of the Supreme Court's holding in *Murthy*, and based on the parties' evidence particular to this case. Based on its standing analysis, the district court may also revisit its preliminary injunction and its temporary stay of that injunctive relief.

IT IS FURTHER ORDERED that this case, including the district court's preliminary injunction, is otherwise ADMINISTRATIVELY STAYED pending remand. Once this case returns to our court, this appeal shall be removed from abeyance and expedited to a merits panel from the next available court week.

IT IS FURTHER ORDERED that Defendants-Appellants' motion for a stay pending appeal is DENIED AS MOOT.